**BOWLES, Price Administrator, v. FRANK. Civil Action No. 6253.**

District Court, E. D. New York.
Feb. 13, 1946.

Callman Gottesman, Chief Enforcement Atty., of New York City (Harry Pfeffer, Chief, Food Enforcement Section, of Lynbrook, N. Y., and Louis Schifrin, Enforcement Atty., of New York City, of counsel), for plaintiff.

Joseph Hittner, of Brooklyn, N. Y., for defendant.

GALSTON, District Judge.

Plaintiff seeks a temporary restraining order.

The complaint alleges that since the effective date of Maximum Price Regulation, No. 574, the defendant, and others engaged in the same industry, were not permitted to pay for live cattle bought or received during any accounting period, an amount in excess of the amount fixed by such regulation for such accounting period. It is charged that the defendant, also by such regulation, was not permitted to pay for cattle slaughtered by him during such accounting period an amount in excess of the amount fixed by said regulation during such accounting period. It is alleged also that during the accounting period, from June 4, 1945, to June 30, 1945, and from September 1, 1945, to September 30, 1945, the defendant, as a purchaser of live cattle, did pay for live cattle bought, received or slaughtered by him during the accounting periods, amounts in excess of the maximum price fixed by said regulation.

The affidavit supporting the application for a preliminary injunction recites that computation of the total maximum payments permitted under the regulation for cattle slaughtered is based on a formula in which the maximum price permitted for each grade of cattle, known as the "Vincent Drove Range," is used. It appears further that such range of live cattle prices has been in existence since October 1943. Following apparently the formula, the defendant made computations on form (revised) No. DS-T-55, under Revised Regulation No. 3 of Defense Supplies Corporation. Photostatic copies of such computations on such forms, executed by the defendant, are attached to the affidavit, one executed July 23, 1945, the other October 16, 1945. These forms were filed pursuant to the Maximum Price Regulation No. 574. It is claimed in the affidavit that these exhibits show violations in that instead of making only the maximum permissible pay-

432

ment of $44,737.67, the defendant paid $45,580.28, during the accounting period from June 4, 1945 to June 30, 1945, and $17,370.46 instead of the maximum permissible price of $16,802.82, during the accounting period from September 1, 1945 to September 30, 1945.

The defendant filed an opposing affidavit calling attention to the failure of the moving papers to set forth any payment made by him to indicate that there was a violation of the regulations during the particular months in question.

Neither the exhibits attached to the moving papers, nor the brief on behalf of the plaintiff explains what sums were paid by the defendant during the two accounting periods. The affidavit of Lester D. Rand, in support of the motion, referring to Exhibits A and B, asserts that they show payments by the defendant of $45,580.28 and $17,370.46 for the two periods in question, whereas the statement of facts in the brief submitted on behalf of the motion asserts that the defendant paid $46,487.44 for the first accounting period, and $17,-802.98 for the second period. Not only is there no explanation by the plaintiff of these differences in figures of alleged payments, but the court is left without any aid whatsoever, from a reading of Exhibits A and B, to determine what payments were actually made by the defendant. Nor is there any explanation furnished to the court as to how the formula is applied which is referred to in the supporting affidavit.

This is particularly unfortunate because the matter is one of pressing importance. The nation finds itself in a critical period wherein the public is caught in the coils of an inflation spiral. The effort of the Price Administrator to prevent violations of administrative orders is to be commended. However, preliminary injunctions are addressed to the discretion of the court, and that discretion must be exercised in favor of the motion only when the violation is clear and the proof conclusive.

There are other matters set forth in the answering affidavit which raise a question of interpretation of the regulation, and its proper application. In the proof before me I am not aided by the moving papers. In the circumstances the motion will be denied.